**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
5850 Canoga Ave. 4th Floor,
Woodland Hills, CA 91367
Telephone: (818) 710-2724
FAX: (818) 710-2728
erisa@erisarights.com
Attorneys for **Plaintiff**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ASHER | NO. 14-5258 |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN |
| vs. | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a corporation; ADOBE SYSTEMS INCORPORATED, a corporation; ADOBE SYSTEMS INCORPORATED GROUP DISABILITY INCOME POLICY, an ERISA plan; DOES 1 through 10, inclusive, | |
| Defendants. | |

COMES NOW THE PLAINTIFF, SANDRA ASHER, and for causes of action against all defendants, alleges as follows:

1. JURISDICTION. This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(A), (a)(1)(B) and (e)(1).

2. Plaintiff is and was at all times herein mentioned, a resident of the County of Santa Clara, State of California.

1

Complaint

3. Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty") is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the insurance company obliged to provide the benefits that the Plaintiff herein seeks.

4. Plaintiff is informed and believes, and based upon such information and belief alleges that Adobe Systems Incorporated Group Disability Income Policy (hereinafter "LTD Plan") is an ERISA plan formed by Adobe Systems Incorporated, (hereinafter "Adobe") under which the Plaintiff is entitled to benefits.  At all times herein mentioned, Plaintiff was entitled to or long-term disability benefits, as well as health care benefits, life insurance benefits, pension benefits, and other benefits under the Plan.  Said benefits were to be given to the Plaintiff should she become disabled.

5. Adobe is a corporation pursuant to the laws of one or more of the states of the United States and was, at all times relevant hereto, the LTD Plan's plan administrator

6. Plaintiff was employed by Adobe when she became disabled on or about August 9, 2011.  As an employee of Adobe she was eligible for the protection of the LTD Plan.  When she became disabled, she became eligible for the disability benefits of the Plan and to other benefits.  Defendants have arbitrarily and in bad faith refused to make payments to Plaintiff as required by the LTD Plan.

7. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names.  Plaintiff will ask leave of the court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due Plaintiff and all damage caused to Plaintiff.

Complaint

9. Liberty approved Plaintiff's long-term disability benefits through January 21, 2014. Hartford terminated Plaintiff's long-term disability benefits effective January 22, 2014. Plaintiff timely appealed the termination of her long-term disability benefits, and in a letter dated October 30, 2014 Plaintiff was notified that her appeal had been denied.

10. Plaintiff has been wrongfully denied the benefits which are due her under the LTD Plan and has suffered and is continuing to suffer economic loss as a result thereof from January 22, 2014. Plaintiff is entitled to an award of interest on all benefits wrongfully withheld.

11. Plaintiff has been required to hire attorneys to represent her in this matter and to recover benefits due her under the LTD Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and she seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

12. A controversy now exists between the parties as to whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that she meets the Plan definition of disability and is entitled to continued LTD benefits from Defendants. Plaintiff further seeks a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering Plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. For all benefits due her in the past and future under the LTD Plan plus interest;

2.  For a declaration by this court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under the Plan and any other applicable welfare or pension benefit plans covering Plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

3.  For reasonable attorney fees;

4.  For costs of suit; and

5.  For such other and further relief as this court may deem just and proper.

DATED:   December 1, 2014

/s/Paul Fleishman
PAUL FLEISHMAN